**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and | ) |
| LABORERS' WELFARE FUND OF THE | ) |
| HEALTH AND WELFARE DEPARTMENT | ) |
| OF THE CONSTRUCTION AND GENERAL | ) |
| LABORERS' DISTRICT COUNCIL OF | ) |
| CHICAGO AND VICINITY, JAMES S. | ) |
| JORGENSEN, | ) |
|         **Plaintiffs,** | ) |
| | )   **No. 15 C 9013** |
| | ) |
|     **v.** | )   **Judge Edmond E. Chang** |
| | ) |
| J & T SERVICES, INC., and TOM ALBERTO | ) |
| and MARIA A. BANUELOS, | ) |
| | ) |
|         **Defendants.** | ) |

**PLAINTIFFS' MOTION FOR DAMAGES AGAINST**
**DEFENDANT MARIA A. BANUELOS**

Plaintiffs, the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen (the "Welfare Fund"), by their attorneys, move for a prove up of damages against Defendant Maria A. Banuelos. In support of the Funds motion, Plaintiffs state:

1.      On October 12, 2015, Plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times Defendant J & T Services, Inc., has an obligation, arising from a collective bargaining agreement to make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond. (Dk # 1). Count IV (mistakenly also identified as Count III, p. 8) is against Defendant Maria A. Banuelos, and alleges that Banuelos is liable for fraud based on

falsely reporting herself as a Company employee doing laborers' work for J & T Services when she was not an employee for the Company.

2. On January 26, 2016, the Court entered judgment against Maria A. Banuelos based on finding that no answer or other pleading had been filed and that she was in default. The Court set February 17, 2015, for a hearing date, and required Plaintiff to file a prove up motion by February 12, 2016.

3. The Funds are seeking a judgment in a sum certain against Maria A. Banuelos based on her conduct in fraudulently representing that she was an employee of the Company in agreement with the Company and its owner Tom Alberto. Laborers' Funds have alleged that reports reflecting Banulos hours were submitted for the sole purpose of allowing Banuelos to purchase Health and Welfare and Pension Fund benefits and for paying the Fund for only the minimum number of hours necessary to obtain medical coverage under the Funds' policies. Banuelos was not a covered employee and the representations in the remittance reports made by Alberto and the Company were false. By entering default, Banuelos is liable for amounts owed to the Welfare Fund.

4. According to the Affidavit of Linda Vondra, Administrative Secretary for the Welfare Fund, the claims' records on file at the Welfare Fund reflect amounts paid by the Welfare Fund for the period from June 1, 2012 through May 28, 2014. With respect to Banuelos, the total amount paid on her behalf during this period was $40, 319.97. With respect to beneficiaries, $8,363.40, was paid on their behalf. The amount of $1,289.83 was paid for dental and vision claims on behalf of Banuelos and two other beneficiaries. The total amount paid by the Welfare Fund on behalf of Banuelos and her beneficiaries during the period of ineligibility from June 1, 2012 through May 28, 2014 was $49,973.20. (See Vondra Affidavit, Exhibit 1).

5.    Interest at five percent (5%), is charged for all wrongful payments.  For the total amounts owed of $49,973.20, interest has accrued from June 1, 2014 to the present in the amount of $4,162.66.  (Vondra Exhibit 1, ¶ 4).

6.    Plaintiffs request that the judgment include reasonable attorneys' fees and costs incurred pursuant to ERISA, 29 U.S.C. § 1132(g)(1), which provides that in any action by a fiduciary the Court in its discretion may award a reasonable attorneys' fee and costs to either party.  An affidavit has been attached identifying that the amount of $3,411.50, in fees and $ 465.00, in costs has been expended, as provided in an affidavit from Karen I. Engelhardt on behalf of the Laborers' Funds for the period from September 2015 to the present. (Engelhardt Affidavit Exhibit 2).

**WHEREFORE,** Plaintiffs request that judgment be entered on behalf of the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity against Defendant Maria A. Banuelos in the total amount of $58,012.36, which consists of medical payments, interest, attorneys' fees and costs.

Respectfully submitted,

/s/Karen I. Engelhardt
One of Plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

February 12, 2016